IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 20-CV-1362 |
| ) | |
| DR. AWANA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in the Illinois River Correctional Center on an Eighth Amendment claim for deliberate indifference to his serious medical needs. As stated in the merit review order, Plaintiff alleges that he has had so many teeth pulled that he needs a dental prosthetic in order to chew his food. The dentist, Dr. Awada, has allegedly refused to initiate that process for the stated reason that Plaintiff still has enough teeth to chew his food.

Plaintiff moves to compel production of his complete dental records (including dental x-rays); Dr. Awada's professional work history (including reasons for leaving each job and disciplinary

histories); education; all complaints or grievances against Dr. Awada; and, insurance coverage.

In order to prove his claim, Plaintiff must have evidence that Dr. Awada was deliberately indifferent to Plaintiff's serious dental needs. Complaints or grievances against Dr. Awada by others would not be relevant to proving what Dr. Awada did or did not do for Plaintiff. *See* Fed. R. Evid. 404(b)(other wrongs not admissible to show a person acted in conformance with bad character). Insurance coverage is also not relevant at this stage. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.").

Education and work history could be relevant to whether Dr. Awada had the qualifications to make a professional judgment regarding whether an oral prosthesis was clinically indicated for Plaintiff. **Dr. Awada shall produce to Plaintiff a copy of the printout for Dr. Awada on the Illinois Financial and Professional Regulation website and a curriculum vitae listing Dr. Awada's education and work experience.**

Plaintiff's dental records, including x-rays, are clearly relevant, but Defendant maintains that all of Plaintiff's dental records in Defendant's possession have been produced. Plaintiff appears to seek dental records from nonparties such as Cook County, which Dr. Awada has no obligation to obtain.

However, whether all the IDOC dental records for Plaintiff have been produced, including x-rays, is unclear. Dr. Awada's affidavit refers to dental care provided on certain dates, but the affidavit does not cite to or attach dental records. The one-page dental record docketed at 31-1 p. 41 may be the only written IDOC dental record, but that is not clear. Further, whether copies of the x-rays were produced is not clear. **If not already produced, Dr. Awada shall produce to Plaintiff all records Dr. Awada relied on to make his determinations and all the IDOC dental records of Plaintiff, including copies of x-rays.**

The Court has reviewed the summary judgment motion by Dr. Awada. Dr. Awada does not explain the basis for his conclusion that Plaintiff had enough teeth to eat and did not have a medical need for dentures. Dr. Awada recites the dates Plaintiff had dental exams and x-rays but does not explain what those exams and x-

rays showed, or what the plan of care was after the initial exam. The Court cannot decipher the handwriting on the dental record docketed at 31-1 p. 41. Dr. Awada also maintains that he was following IDOC policy, but he does not explain that assertion. According to the policy attached to Plaintiff's response, "[r]emovable dental prosthetics shall be provided on a case by case basis as determined clinically necessary by the dentist." [34-4 p. 1.] In short, the record is not developed enough to determine whether Dr. Awada exercised his professional judgment when he determined dental prosthetics were not clinically necessary.

**IT IS ORDERED:**

1) Plaintiff's motion to compel is granted in part and denied in part as set forth above. [27.] Defendants are directed to produce the documents specified above to Plaintiff by November 22, 2021.

2) Defendant Awada's motion for summary judgment is denied with leave to renew by December 1, 2021.

3) The jury trial is scheduled to begin March 22, 2022 at 9:00 a.m.

4) The final pretrial conference is scheduled for February 28, 2022 at 2:00 p.m.

5) The jury trial and final pretrial dates will be vacated if the Court has not yet ruled on Defendant's renewed summary judgment motion.

ENTERED: 10/19/2021

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE