IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| TIMOTHY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-CV-1362 |
| | ) | |
| DR. AWANA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff filed this case pro se from his incarceration in the Illinois River Correctional Center on an Eighth Amendment claim for deliberate indifference to his serious dental needs. As stated in the merit review order, Plaintiff alleges that he has had so many teeth pulled that he needs a dental prosthetic in order to chew his food. Plaintiff has been released from prison and has updated his address.

The Court denied Dr. Awada's first motion for summary judgment with leave to renew with additional information explaining the basis for his conclusion that Plaintiff had enough teeth to eat and did not have a medical need for dentures. Dr. Awada has

renewed his motion for summary judgment, and Plaintiff has also filed a motion for summary judgment.

The Court has reviewed both sides' submissions and concludes that material disputes of fact preclude summary judgment. Dr. Awada provides some more information but his affidavit is still conclusory regarding his assertion that Plaintiff had enough teeth in the right positions to eat. Dr. Awada does not explain how many teeth need to have occlusion with one another to chew properly, and Dr. Awada does not dispute that Plaintiff had only one pair of occluding molar/premolar teeth after Plaintiff's tooth number 5 was pulled. Dr. Awada also maintains that he was following IDOC policy, but the policy cited appears to put the decision within the discretion of the dentist. Further, Dr. Awada asserts that Plaintiff was eligible for upper dentures once the plan of treatment on the uppers was concluded, but the only plan identified was a filling. In short, the record is still not developed enough to determine whether Dr. Awada exercised professional judgment. On this record, a rational juror could find for either Plaintiff or Defendant.

**IT IS ORDERED:**

1) The parties' motions for summary judgment are denied. [41], [44]

2) This case is referred to the Magistrate Judge to conduct a mandatory settlement conference. If the case does not settle, final pretrial and trial dates will be set.

3) The clerk is directed to notify the Magistrate Judge of this referral.

ENTERED: 6/28/2022

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE